UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN CARDENAS, | No. 2:23-cv-0500 AC P |
| Plaintiff, | |
| v. | ORDER |
| BUTLER, ET AL., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 4.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  28 U.S.C. § 1915(b)(2).  These payments will be forwarded by the appropriate agency to the Clerk of

1 the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
2 full. Id.

  II.  Statutory Screening of Prisoner Complaints

  The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.     Complaint

The complaint alleges that between December 15, 2021 and February 25, 2022, defendants Butler, Gum, Delgado, LVN Lewis and Dr. Lewis,[1] Temple, Lee (or Huang Lee), Taylor, Torres, Davis, Miranda, Smith, Patton, Hann (or Huan), Dr. Doe #1, and pharmacist Doe #2, violated plaintiff's rights under the Eighth Amendment. ECF No. 1.[2]

Plaintiff alleges that he slipped and fell on black ice that officer Hann's yard crew failed to remove, causing plaintiff to injure himself. Id. at 5, 25. A couple of days later, he started submitting Health Care Services Request Forms (CDCR Form 7362) informing medical staff of his slip and fall, asking for a back brace, walker and/or wheelchair, and asking to see a doctor. Id. at 6, 9, 12.

---

[1] Plaintiff refers to the Lewises using three different titles. ECF No. 1 at 8 (Radiologist/x-ray technician Lewis), 9 (PCP Dr. Lewis and LVN Lewis), 10 (same), 12 (PCP Dr. Lewis), 13 (LVN Lewis and PCP Dr. Lewis), 14 (LVN Lewis), 15 (LVN Lewis and Dr. Lewis). Plaintiff refers to LVN Lewis and Dr. Lewis, but not Radiologist Lewis, as "defendants." Accordingly, the court addresses his claims against the former. To the extent plaintiff seeks to also assert claims against Radiologist (or x-ray tech) Lewis, he should refer to him as a defendant and make clear what his allegations are with respect to this individual.

[2] Plaintiff does not list Delgado, Torres, Dr. Lewis, Dr. Doe #1 or pharmacist Doe #2 as defendants in the caption of his complaint. ECF. No. 1 at 1-2. However, plaintiff does identify and makes allegations against each in the complaint. Id. at 8 (Delgado), 14 (Dr. Doe #1), 16 (pharmacist Doe #2), 20-21 (Torres). For now, the court addresses the allegations against each of these defendants, but plaintiff is informed that if he wishes to pursue claims against them, he will be expected to amend the complaint caption to clearly list *all* defendants.

Plaintiff details multiple encounters with Butler, Gum, Lewis, Temple, and Delgado—all licensed vocational nurses (LVNs)—during which they witnessed plaintiff's inability to walk, and in which he advised them of his fall and the excruciating pain that he was experiencing. Id. at 7-14. Despite having the ability and authority to temporarily provide a wheelchair to enable plaintiff to go to pill call and medical appointments and to contact a doctor regarding plaintiff's requests for treatment and a wheelchair, they refused which resulted in plaintiff missing multiple medications and appointments, and medical emergencies. Id. at 7-8, 10, 11-12, 13-17, 20, 22, 24.

After the first medical emergency, plaintiff asked Temple and two other LVNs, names unknown, to send him to an off-site emergency room, but they and possibly PDP Dr. Doe #1, whom we have no other facts about, refused. Id. at 13-14. The following day, he had a "Tele-Med" appointment with Lee, who prescribed pain medication, ordered a cane be issued immediately, and requested an MRI. Id. at 14. Plaintiff was subsequently seen by Davis twice. Id. at 18, 21. Davis gave him a cortisone shot, provided him a back brace and prescribed medication, but refused plaintiff's request for a wheelchair and physical therapy because Davis said he did not need them right now. Id. At a follow up appointment, Miranda similarly refused to give plaintiff a wheelchair and refer him to physical therapy, and instead prescribed pain medication and scheduled a CT scan. Id. at 19.

Plaintiff asserts that Lee, Davis, and Miranda should have given him a wheelchair, particularly because they knew he needed it, and he was later approved for a wheelchair by an Americans with Disability Act (ADA) representative. Id. at 15, 19, 20-21, 24. Plaintiff further asserts that Lee and Miranda should have done the MRI and CT scan sooner, Davis and Miranda should have sent him immediately to a back specialist, and that Lee, Davis, and Miranda should have ordered physical therapy instead of insisting to first know what was wrong. Id. at 15, 20-21.

Plaintiff further contends that: Lee and/or pharmacist Doe #2 were deliberately indifferent to his need to recieve medication promptly because it took him four days to receive it, id. at 16; Taylor was deliberately indifferent in delivering the wrong medication, though Taylor told him "this is what Dr. Miranda ordered and if you don't like it, submit a 7362 form," id. at 22; Taylor and Torres were deliberately indifferent to his severe and excruciating pain when they wheeled

him to Correctional Treatment Center (CTC) over a dirt path with rocks, cracks, and bumps, instead of arranging for other transportation, id. at 17-18, 20; and Patton and Smith were deliberately indifferent when they refused to get him immediate medical attention after he advised them of his prior medical emergencies that he was given the incorrect pain medication the day before, and that he needed pain medication right away. Id. at 22-23.

On February 25, after plaintiff's CT scan, Davis diagnosed him with Osteomyelitis/dicitis and sent him to an off-site hospital for treatment. Id. at 24. He was treated at the hospital and then at HDSP's infirmary, and never received physical therapy. Id. at 24-25. A couple of months later, he was able to walk without the assistance of a cane or wheelchair. Id.

IV. Legal Standards

A. Failure to Protect

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Then he must fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847.

B. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."' Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

5

"Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Id. (quoting McGuckin, 974 F.2d at 1059). "Mere indifference, negligence, or medical malpractice" will not support a claim of deliberate indifference. Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013) (internal quotation marks omitted) (quoting Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding the appropriate course of treatment does not by itself amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To establish that a difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Toguchi, 391 F.3d at 1058 (alteration in original) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

V.      Claims for Which a Response Will Be Required

Plaintiff alleges sufficient facts in support of a deliberate indifference claims against Butler, Gum, LVN Lewis, Temple, and Delgado for failure to contact a doctor to get him further treatment and a wheelchair authorization to transport him to pill call and medical appointments. According to the complaint, Butler, Gum, LVN Lewis, Temple, and Delgado were informed that plaintiff slipped and fell and was in extreme pain, and witnessed plaintiff's inability to walk without assistance, yet none of them provided further assistance despite the authority to do so, causing plaintiff to miss several pill calls and medical appointments and continue to experience excruciating pain. Plaintiff also alleges sufficient facts in support of deliberate indifference claims against Taylor and Torres for transporting him in a wheelchair for 8-10 minutes over an uneven dirt path, despite being aware that plaintiff had severe back pain, that their mode of transportation was causing plaintiff further pain, and that alternative methods of transportation were available.

////

Plaintiffs claims of deliberate indifference against Patton and Smith also survive at this stage because they allegedly knew plaintiff was suffering from pain that had already resulted in multiple medical emergencies and chose to ignore him because it inconvenienced them.

VI. Failure to State a Claim.

A. Failure to Protect

Plaintiff fails to state a claim of deliberate indifference against Hann. Plaintiff does not allege that Hann was told about the ice or had seen it, or that the ice was somewhere Hann knew ice regularly formed and he chose to ignore it. Moreover, slippery prison floors alone do not state an Eighth Amendment claim. LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993). To state an Eighth Amendment claim for slip in fall in prison, "there must be a confluence of exacerbating conditions such that the slippery floor posed a serious, unavoidable threat to plaintiff's safety." Johnson v. Lynch, No. 2:21-cv-1841 DB P, 2023 WL 3824866, at *3-4, 2023 U.S. Dist. LEXIS 97224, at *6-7 (E.D. Cal. June 5, 2023) (quoting Coleman v. Frauenheim, No. 1:17-cv-1276 DAD BAM P, 2018 WL 2463855, at *3, 2018 U.S. Dist. LEXIS 74518, at *8-9 (E.D. Cal. June 1, 2018)). "Plaintiff has not pled any condition that rendered him unable to provide for his own safety in the sense that they precluded him from avoiding the [risk] or rendered him unable to perceive the slippery conditions." Dillingham v. Emerson, No. 1:18-cv-0507 AWI SAB P, 2022 WL 17156110, at *4-5, 2022 U.S. Dist. LEXIS 211516, at *13 (E.D. Cal. Nov. 22, 2022); see also Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (finding prisoner failed to plead any exacerbating conditions which rendered him unable to provide for his own safety). Absent more, plaintiff has pleaded negligence at most. Negligence does not rise to the level of a constitutional violation. Lemire, 726 F.3d at 1082.

B. Deliberate Indifference to Serious Medical Needs

Plaintiff's allegations against Lee, Davis and Miranda, for failure to issue him a wheelchair and send him to physical therapy, fail to state an Eighth Amendment claim. At most it was negligent of them to not issue him a wheelchair, while they waited for test results. See Wilhelm, 680 F.3d at 1123 (9th Cir. 2012) (doctor's decision not to operate because he incorrectly believed plaintiff did not have a hernia was negligent misdiagnosis or disagreement

7

1  with diagnosing doctor and did not constitute deliberate indifference).  Similarly, the
2  disagreement between plaintiff and Lee, Davis, and Miranda regarding the need for physical
3  therapy were differences of opinion regarding treatment that alone do not establish deliberate
4  indifference.  See Toguchi, 391 F.3d at 1058.  Plaintiff does not allege that Lee, Davis, and
5  Miranda failed to treat him, and such a contention would contradict the allegations that Lee,
6  Davis, and Miranda prescribed medications for his back injury, Lee issued him a cane and
7  ordered an MRI, Davis gave him a cortisone shot and a back brace, and Miranda scheduled at CT.
8      Plaintiff's allegations of deliberate indifference against Taylor for giving him the wrong
9  prescriptions also fail because he acknowledges that she said she gave him the medication Dr.
10  Miranda ordered.  Plaintiff does not allege that Taylor knew Miranda had prescribed him
11  something different but gave him the wrong medication anyway.  Similarly, his claims of
12  deliberate indifference against Lee and pharmacist Doe #2 for the delay in receiving his
13  medication fail because there are no allegations that they knew plaintiff had not received his
14  medication and chose to ignore it, or that they were even responsible for the delay.  Plaintiff's
15  allegations against Dr. Doe #1 and Dr. Lewis fail because there are no allegations concerning
16  what they knew when they rejected plaintiffs request for a wheelchair or to send him to an off-site
17  emergency room, or that it was more than a difference of opinion regarding diagnosis and/or
18  treatment.

    VII.    <u>Leave to Amend</u>

20      For the reasons set forth above, the court finds that the complaint does not state
21  cognizable claims of deliberate indifference against defendants Hann, Lee, Davis, Miranda, Dr.
22  Lewis, Dr. Doe #1, and pharmacist Doe #2.  However, it appears that plaintiff may be able to
23  allege facts to remedy this and he will be given the opportunity to amend the complaint if he
24  desires.
25      Plaintiff has a choice to make: he may *either* (1) proceed forthwith to serve the defendants
26  against whom he has stated cognizable claims—defendants Butler, Gum, LVN Lewis, Temple,
27  and Delgado on his claim that they acted with deliberate indifference by failing to contact a
28  doctor to get him further treatment and a wheelchair authorization to transport him to pill call and

8

medical appointments; Taylor and Torres on his claims of deliberate indifference for transporting him in a wheelchair over rough terrain despite knowing he was in pain; and Patton and Smith on his claims for deliberate indifference for ignoring his need for immediate medical attention—and proceed on these claims only; *or* (2) amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendants Butler, Gum, LVN Lewis, Temple, Delgado, Taylor, Torres, Patton, and Smith without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of claims of deliberate indifference against Hann, Lee, Davis, Miranda, Dr. Lewis, Dr. Doe #1, and pharmacist Doe #2, and his deliberate indifference claim against Taylor for giving plaintiff the incorrect medication.

Plaintiff is also informed that the court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, generally, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. And the caption page must list all the defendants. See Fed. R. Civ. P. 10(a).

VIII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. At this point, you have stated claims of deliberate indifference against Butler, Gum, LVN

1  Lewis, Temple, Delgado, Taylor, Torres, Patton, and Smith, but have not stated claims of
2  deliberate indifference against Hann, Lee, Davis, Miranda, Dr. Lewis, Dr. Doe #1, and pharmacist
3  Doe #2.  To state claims of deliberate indifference against Lee, Davis, and Miranda, you need to
4  allege *facts* showing that their differences of opinion about your treatment were medically
5  unacceptable.  The actions of Dr. Lewis and Dr. Doe # 1 can only amount to deliberate
6  indifference if they knew about your medical condition and failed to treat you, or if you can
7  present facts showing that their course of treatment was medically unacceptable.  For pharmacist
8  Doe #2, you can state a claim only if he was responsible for the delay in receiving your
9  medication or knew about the delay and did nothing.

10  You have a choice to make.  You may **either** (1) proceed immediately on your deliberate
11  indifference claims against Butler, Gum, LVN Lewis, Temple, Delgado, Taylor, Torres, Patton,
12  and Smith and voluntarily dismiss the other claims *or* (2) try to amend the complaint.  If you want
13  to go forward without amending the complaint, you will be voluntarily dismissing *without*
14  *prejudice* your claims for deliberate indifference against Lee, Davis, Miranda, Dr. Lewis, Dr. Doe
15  #1, and pharmacist Doe #2.  If you choose to file an amended complaint, it must include all
16  claims you want to bring.  Once an amended complaint is filed, the court will not look at any
17  information in the original complaint.  **Any claims and information not in the first amended**
18  **complaint will not be considered.**  You must complete the attached notification showing what
19  you want to do and return it to the court within fourteen days.  Once the court receives the notice,
20  it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait
21  for defendants to be served).

22  <center>CONCLUSION</center>
23  In accordance with the above, IT IS HEREBY ORDERED that:
24  1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is GRANTED.
25  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
26  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
27  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
28  appropriate agency filed concurrently herewith.

3. Plaintiff's claims against defendants Lee, Davis, Miranda, Dr. Lewis, Dr. Doe #1, and pharmacist Doe #2 do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his deliberate indifference claims against defendants Butler, Gum, LVN Lewis, Temple, Delgado, Taylor, Torres, Patton, and Smith, as set forth in Section V above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the deliberate indifference claims against Lee, Davis, Miranda, Dr. Lewis, Dr. Doe #1, and pharmacist Doe #2.

DATED: September 16, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN CARDENAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUTLER, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-0500 AC P<br><br>NOTICE OF ELECTION |

　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his deliberate indifference claims against defendants Butler, Gum, LVN Lewis, Temple, Delgado, Taylor, Torres, Patton, and Smith without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his Lee, Davis, Miranda, Dr. Lewis, Dr. Doe #1, and pharmacist Doe #2 pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.


DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　MARVIN CARDENAS
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1