UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN CARDENAS, | No. 2:23-cv-0500 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| BUTLER, et al., | |
| Defendants. | |

Plaintiff has filed a second motion for an extension of time, requesting that the discovery deadline be modified from July 25, 2025, to October 1, 2025. ECF No. 41. The court construes this as a motion to modify the discovery and scheduling order, and will grant it in part.

I.   Background

On April 3, 2025, the court issued a discovery and scheduling order, which set the following deadlines:

- All requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than **May 26, 2025.**
- The parties may conduct discovery until **July 25, 2025.**
- Any motions necessary to compel discovery shall be filed by **July 25, 2025.**
- All pretrial motions, exception motion to compel discovery and motions directly

1

related to trial proceedings, shall be filed on or before **October 17, 2025.** ECF No. 34 at 6.

On June 26, 2025, plaintiff filed a motion for an extension of time seeking a 30-day extension to and including August 2, 2025 "to file my interrogatories to the attorney generals request filed on May 2, 2025." ECF No. 39. On July 1, 2025, the court granted plaintiff's request to the extent plaintiff sought to extend the deadline to complete discovery. ECF No. 40 at 1. The court ordered plaintiff complete discovery by August 2, 2025, and the parties to file any motions to compel discovery by August 4, 2025. Id. at 2. The court did not modify the deadline to serve discovery requests, which was May 26, 2025, or the deadline to file dispositive motions, which is October 17, 2025. Id.

II.     Motion to Modify the Discovery and Scheduling Order

On July 24, 2025, before the close of discovery, plaintiff filed another motion to modify the discovery and scheduling order. ECF No. 41. He seeks to extend the discovery deadline from July 25, 2025, to October 1, 2025, to allow him to propound interrogatories, requests for productions, and requests for admissions, and to respond to defendants' discovery requests. ECF No. 41 at 1-4. Plaintiff asserts that good cause exists for the extension because plaintiff needs to "propound discovery upon seven (7) defendants" for "document intensive and factually complex" medical deliberate indifference claims, id. at 2-3; he does not know how to propound discovery and did not have assistance until recently, id.; and, based on what the inmate who is helping him knows about discovery with the California Department of Corrections and Rehabilitation ("CDCR"), he expects the need to litigate discovery production because he suspects defendants will object and/or refuse to respond to his discovery requests with boilerplate objections. Id. at 4. Plaintiff claims that without an extension of time, he will be "prevented, obstructed, and hindered" from satisfying the requirements for summary judgment under Federal Rule of Civil Procedure 56. Id. at 5. In support of his motion, plaintiff attaches his declaration and a declaration from the inmate assisting him with his case. Id. at 6-9.

Defendants filed an opposition to plaintiff's motion arguing that plaintiff has not established good cause to extend the discovery deadline by sixty-eight days, and because he has

not demonstrated excusable neglect for moving to extend the time after a scheduling order deadline has passed. ECF No. 42. Defendants also argue that plaintiff's lack of diligence weighs against reopening discovery, and that the law presumes prejudice against defendants due to the unreasonable delay. Id. at 2-3.

### III.   Legal Standard

To prevail on a request *to amend* a scheduling order under Rule 16(b)(4), the moving party must establish "good cause" for doing so. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992). The good cause inquiry primarily centers on the moving party's diligence. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. (citation omitted). "If that party was not diligent, the inquiry should end." Id. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.

To establish good cause for amending a scheduling order to *reopen discovery*, courts in the Ninth Circuit consider:

> 1) whether trial is imminent; 2) whether the request is opposed; 3) whether the non-moving party would be prejudiced; 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; 5) the foreseeability of the need for additional discovery; and 6) the likelihood further discovery will lead to relevant evidence."

City of Pomona v. SQM N. Amer. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1152, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997). Although no one factor is dispositive, the primary factor courts consider in making a good cause determination is whether the moving party was diligent. Johnson, 975 F.2d at 609.

It is "significant" when a party is seeking to re-open discovery rather than extend the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir.

1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id. "In determining diligence, the Court can inquire into (1) whether the movant was diligent in aiding the Court in creating a scheduling order, (2) whether matters that were not, and could not be foreseeable at the time the scheduling order was entered caused the need to amend, and (3) whether the movant was diligent in attempting to amend the scheduling order once the need to amend became apparent." G&M Farms Inc. v. E.I. du Pont, No. 1:24-cv-0213 JLT BAM, 2024 WL 4950175, at *3, 2024 U.S. Dist. LEXIS 218875, at *9 (E.D. Cal. Dec. 3, 2024); see also Porter v. Solano County Sheriff's Office, No. 2:21-cv-1473 KJM JDP, 2024 WL 3361138, at *1, 2024 U.S. Dist. LEXIS 121022, at *4 (E.D. Cal. July 10, 2024).

## IV. Discussion

As a preliminary matter, the court notes that defendants' opposition suggests that the court should treat plaintiff's motion as a motion to reopen discovery. ECF No. 42 at 2. However, discovery has not yet closed. See ECF No. 40. Plaintiff's deadline to complete discovery was extended from July 25, 2025, to August 2, 2025. Id. Moreover, even absent the prior extension, the court notes that plaintiff's motion to modify the discovery and scheduling order would not be treated as a motion to reopen discovery because plaintiff filed his motion before the original date for close of discovery: July 25, 2025.

The court also notes that despite plaintiff's request to modify the deadline to *complete* discovery, it appears plaintiff seeks to modify both the deadline to *serve* discovery, which was May 26, 2025, and the deadline to *complete* discovery, which was July 25, 2025. Extending the deadline to serve discovery requests to October 1, 2025, would extend that deadline by a little over four months (128 days). Extending the deadline to complete discovery to October 1, 2025, would extend that deadline by a little over two months (68 days). If the court modifies the discovery and scheduling order to extend those deadlines, the deadline to file dispositive motions, which is currently set for October 17, 2025, would also need to be extended.

Although the court agrees with defendants that plaintiff has not established good cause

1 warranting a four-month extension of the deadline to *serve* discovery requests, the court finds
2 plaintiff has established good cause for a brief extension of that deadline and the deadline to
3 complete discovery.  Despite plaintiff's confusion regarding the deadlines, as discussed above, he
4 has not blatantly ignored them and has sought to meet them with some diligence.  Plaintiff's
5 declaration establishes that, because he did not know how to engage in discovery, he asked
6 defendants for an extension of time to respond to their discovery requests.  ECF NO. 41 at 6.
7 Before the close of discovery, he also took steps to contact another inmate, who had previously
8 helped him with filing his complaint, to help him with discovery, and to file a motion to modify
9 the discovery and scheduling order.  Id.  One month prior to the close of discovery, plaintiff also
10 filed a motion for a one-week extension to the discovery deadline, which the court granted.  See
11 ECF N0. 39.  Had plaintiff sought a slightly longer extension of time at that time, the court would
12 have granted it because it was plaintiff's first requests for an extension, and he was diligent in
13 seeking the extension.  The court only granted a one-week extension based on the information
14 and the request before it at that time.

15       The court will grant plaintiff thirty days to serve his discovery requests.  To allow
16 defendants sufficient time to respond to plaintiff's discovery requests and for the parties to
17 resolve any discovery disputes, the court will provide the usual sixty days to complete discovery
18 after the deadline for service has passed, and will modify the dispositive motion deadline
19 accordingly.  Absent extraordinary circumstances establishing good cause, the court will not grant
20 plaintiff further extensions to *serve* and/or *complete* discovery.

21     V.    Conclusion
22     Good cause appearing, IT IS ORDERED that:
23 - **Plaintiff** shall serve all requests for discovery pursuant to Federal Rules of Civil
24     Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production
25     of documents), or 36 (admissions) no later than **September 2, 2025.**
26 - The parties may conduct discovery until **November 3, 2025.**  Plaintiff and
27     defendants have until November 3, 2025, to respond to each other's discovery
28     requests.

- Any motions necessary to compel discovery shall be filed by **November 3, 2025.**
- All pretrial motions, exception motion to compel discovery and motions directly related to trial proceedings, shall be filed on or before **January 26. 2025**.

DATED: July 30, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE