UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN CARDENAS, | No. 2:23-cv-0500 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| BUTLER, et al., | |
| Defendants. | |

Plaintiff has filed a motion seeking an extension of 45-69 days to file motions to compel. ECF No. 49. Defendants have not filed an opposition. Because this request, if granted, would also require a modification to the deadline to file dispositive motions, the court construes this motion as a motion to modify the discovery and scheduling order.

To prevail on a request to amend a scheduling order under Rule 16(b)(4), the moving party must establish "good cause" for doing so. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992). The good cause inquiry primarily centers on the moving party's diligence. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. (citation omitted). "If that party was not diligent, the inquiry should end." Id. "[C]arelessness is

not compatible with a finding of diligence and offers no reason for a grant of relief." Id.

On October 31, 2025,[1] before the deadline to file motions to compel expired, plaintiff filed the present motion. Plaintiff claims he needs an extension because he is unlettered in the law, his housing unit was on lock down for a period of two weeks immediately before the deadline to file motions to compel, and he granted defendants an extension of time to serve their responses to his requests ten days before the close of discovery. ECF No. 49 at 2. Plaintiff attaches a copy of a letter from defendants memorializing his agreement to extend the deadline for their responses. Id. at 3.

Because plaintiff was diligent in seeking this modification and has articulated reasons why he could not reasonably meet the current deadline, the court finds he has established good cause for a thirty (30) day modification to the scheduling order. Given the court's delay in ruling on the motion, the thirty (30) day modification will be calculated from the date of this order.

Good cause appearing, **IT IS ORDERED** that

1. Plaintiff's motion for an extension to file a motion to compel (ECF No. 49) is construed as a motion to modify the discovery and scheduling order and is GRANTED.
2. The discovery and scheduling order, as modified by the court on July 30, 2025 (ECF No. 43), is modified as follows:
    a. Any motions necessary to compel discovery shall be filed by **January 14, 2026**.
    b. All pretrial motions,[2] except motion to compel discovery and motions directly related to trial proceedings, shall be filed on or before **April 8, 2026**.

DATED: December 15, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing). Under the prison mailbox rule, the date plaintiff signed the application for enlargement of time (ECF No. 49) will be considered his filing date absent evidence to the contrary. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003) (date petition is signed may be considered earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule).

[2] This includes motions for summary judgment under Federal Rule of Civil Procedure 56.

2