1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARVIN CARDENAS,                          No.  2:23-cv-0500 TLN AC P

12                    Plaintiff,

13          v.                                   ORDER

14    BUTLER, et al.,

15                    Defendants.

16

17          Defendants have filed an Ex Parte Application for Permission to File Two Summary

18    Judgment Motions.  ECF No. 50.  Because this request, if granted, would also require a

19    modification to the scheduling order, the court construes this motion as a motion to modify the

20    scheduling order.

21          To prevail on a request *to amend* a scheduling order under Rule 16(b)(4), the moving

22    party must establish "good cause" for doing so.  See Johnson v. Mammoth Recreations, Inc., 975

23    F.2d 604, 608-09 (9th Cir. 1992).  The good cause inquiry primarily centers on the moving

24    party's diligence.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000).  Good

25    cause to extend the discovery deadline exists "if it cannot reasonably be met despite the diligence

26    of the party seeking the extension."  Johnson, 975 F.2d at 609.  "Although the existence or degree

27    of prejudice to the party opposing the modification might supply additional reasons to deny a

28    motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  Id.

1

1    (citation omitted).  "If that party was not diligent, the inquiry should end." Id.  "[C]arelessness is

2    not compatible with a finding of diligence and offers no reason for a grant of relief." Id.

3          Defendants argue that the court should allow them to file two separate summary judgment

4    motions, one on procedural grounds and a second on the merits because a motion on the

5    procedural grounds would likely dispense of claims against five defendants and potentially

6    against the two remaining defendants as well.  ECF No. 50 at 3.  Defendants claim that allowing

7    them to proceed with two motions would save the parties and the court "time and effort in having

8    to file a later dispositive motion that would include the procedural defense and all other possible

9    merits defenses, for Defendants/claims that should be dismissed from the complaint." Id. at 4.

10   Defendants also argue that they have been diligent in making this request because they filed it

11   before the present deadline for dispositive motions, and that they would be prejudiced if not

12   allowed to file a second motion for summary judgment. Id.  The court disagrees.

13         The timing of the present motion defeats defendants' efficiency argument.  On April 3,

14   2025, the court issued a discovery and scheduling order setting the following deadlines: all

15   requests for discovery were due no later than May 26, 2025; discovery was to be completed by

16   and motions to compel where to be filed by July 25, 2025; and all pretrial motions, including

17   motions for summary judgment, were due no later than October 17, 2025.  ECF No. 34 at 6.  The

18   court previously modified the scheduling order based on plaintiff's timely requests.  ECF Nos. 40,

19   43, 49.  When defendants' filed their ex parte motion on December 12, 2025, plaintiff's third

20   motion to modify the discovery and scheduling order was pending; the deadline to complete

21   discovery and file motions to compel, November 3, 2025, had passed; and the deadline to file

22   dispositive motions was one month away. See ECF Nos. 43, 49, 50.  Had defendants filed their

23   motion prior to the close of discovery, the court might have granted the motion for good cause

24   because discovery could have been limited at that time to procedural issues.  The parties could

25   thus have saved time and resources, the court could have reached the procedural issues at an

26   earlier date, and if not dispositive of the entire case, narrowed the issues for discovery on the

27   merits and allowed for a second motion for summary judgment.  However, filing two motions for

28   summary judgment after the close of all discovery would no longer lead to a speedy and/or

                                                    2

1   inexpensive resolution.  Cf. Bahena v. Rodriguez, No. 1:20-cv-1685 AWI SAB (PC), 2022 WL

2   319977, at *2 (E.D. Cal. Jan. 14, 2022) (finding good cause to modify the discovery and

3   scheduling order where defendants were diligent "in bringing the motion for summary judgment

4   and in bringing the instant motion well before the close of discovery," the parties could avoid

5   "expenditure of resources . . . in conducting discovery and filing motions concerning the merits of

6   the case," and there was "an immediate and clear possibility" that the motion for summary

7   judgment concerning exhaustion [would] dispose of the case in its entirety").  Additionally,

8   despite defendants' argument to the contrary, they would not be prejudiced by filing a single

9   motion for summary judgment by the dispositive motion deadline, which has been extended from

10  January 26, 2026, to April 8, 2026.  See ECF No. 51.

11        For these reasons, the court finds that defendants have not established good cause for

12  modifying the scheduling order.  Accordingly, **IT IS ORDERED** that:

13    1.  Defendants' ex parte motion for permission to file two summary judgment motions (ECF

14        No. 50) is construed as a motion to modify the scheduling order and is DENIED.

15    2.  Defendants shall file a single motion for summary judgment on all issues they seek to

16        resolve via summary judgment by April 8, 2026.

17  DATED: December 23, 2025

18                                                  ALLISON CLAIRE
19                                                  UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

3